**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DONALD G. EDWARDS**                                                             **PETITIONER**

**v.**                             **No. 3:06CV57-P-A**

**JOE THORNTON, ET AL.**                            **RESPONDENTS**

## **MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Donald G. Edwards (# L5006) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d). The petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed.

### **Facts and Procedural Posture**

Donald Edwards pleaded guilty to two counts of sale of cocaine in the Circuit Court of Pontotoc County, Mississippi. On March 6, 2003, the petitioner was sentenced on each count to thirty years with eighteen suspended, to be served concurrently in the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. On August 9, 2004, the petitioner filed a motion for post-conviction relief in the Circuit Court of Pontotoc County. His motion was denied on October 12, 2004. The petitioner appealed the denial of post-conviction relief, and the denial was affirmed by the Mississippi Court of Appeals December 13, 2005. Edwards filed the instant petition for a writ of *habeas corpus* on April 12, 2006.

**Discussion**

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) *A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from* the latest of –

>   (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

28 U.S.C. § 2244(d)(1) and (2).

As mentioned above, a criminal defendant who pled guilty in Mississippi state court cannot appeal his conviction. He can, however, challenge the legality of the sentence imposed after his plea of guilty. *Acker v. State*, 797 So.2d 966 (Miss. 2001). In this case, the petitioner's conviction became final April 5, 2003, thirty days after he was sentenced on his guilty plea. *Id.* at 966 (Miss. 2001) (conviction of state defendant who pled guilty becomes final thirty days after sentencing order is entered – when the time to appeal sentence expires). Thus, the deadline for

Edwards to file a federal petition for a writ of *habeas corpus* became April 5, 2004. The petitioner did not toll the running of the one-year federal limitations period by initiating a state post-conviction proceeding on or before that date. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As such, the petitioner cannot benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). In addition, the petitioner has not alleged any rare or exceptional circumstances to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Therefore, the deadline for filing the instant petition for a writ of *habeas corpus* expired April 5, 2004.

Under the "mailbox rule," the instant *pro se* federal *habeas corpus* petition is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, Edwards' petition was filed sometime between the date it was signed on April 7, 2006, and the date it was received and stamped as "filed" in the district court on April 12, 2006. Giving Edwards the benefit of the doubt by using the earlier date, his petition was filed 732 days after the April 5, 2004, filing deadline. As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of November, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE